McCullers *vs.* Haines.

---

ALEXANDER McCULLERS, plaintiff in error, *vs.* FRANCIS R. HAINES, defendant in error.

When, in an application for dower, the administrator of the husband denies the widow's right of dower in a particular tract of land, and sets up title in himself adversely to the intestate, it is sufficient, in order to cast the *onus* of proving title on the administrator, for the widow to show that she is the widow, and that her husband died in possession of the premises.

Dower.   *Omus probandi.*   Tried before Judge GIBSON. Washington Superior Court.   December Term, 1867.

The husband of Francis R. Haines died, and McCullers became his administrator. She petitioned for an assignment of her dower out of certain lands, of which she averred that her husband died seized and possessed. McCullers resisted it upon the ground that her husband in his lifetime had sold and conveyed the lands to him.

On the trial, John Haines, stepson of the widow, testified that his father died in August, 1866, on the land described in the petition, and had lived on it since 1863; that, a few days before his death, his father showed him a deed to the land executed by J. F. Smith, from whom he purchased it; that this deed was put into a certain trunk with his father's other papers; that on account of Mrs. Haines' health, the keys were left with him, at his father's death; that the day after the death, or the next one, he delivered the key to said trunk to McCullers, who demanded it, stating that he would administer on the estate; that the trunk containing the pa-

pers went into McCuller's possession ; and that he, witness, never saw the deed after it was put into said trunk.

Here the testimony closed; the cause was submitted to the jury under the charge of the Court, and they found in favor of the widow.

McCuller's attorneys moved for a new trial, upon the ground that the verdict was contrary to the evidence, the law and the charge of the Court. What the charge was does not appear. The Court refused the new trial, and that is assigned as error. The controversy was as to whether there was sufficient proof of seizure.

LANGMADE & EVANS, A. R. WRIGHT, for plaintiff in error, cited Irwin's Code, section 1753, 3969, et. seq.; 8 N. H. R., 57; 4 Mass. R., 408, 489, 546; 4 Day, 305; 14 Pick. R., 224; 4 Kent Com., 381; Cruise Dig., T. I., section 23; Summer R., 170; 38 Geo. R., 3; 10 Geo. R., 435; 7 Mass. R., 494; 15 Mass. R., 214; 1, Mass. R., 170; 4 Iredell 264; 28 Geo. R., 478; 7 Mass. R., 253; 23 Pick. 80, 84; 15 Ohio, R., 108, 671; 1 Md. Ch. Decis., 36; 8 Cush. R., 697; 10 Iredell R., 123.

JAMES S. HOOK, for defendant.

McCAY, J.

Without doubt, in a controversy with a stranger who has the possession, a widow, in order to sustain her claim of dower must prove title in her husband. He must have been seized of the premises, and this, perhaps, involves title. Code, section 1753. Jacob's Law Dictionary ; Art Seizure.

But here the controversy is with the administrator, who got possession of the land and title papers as administrator. It is true he sets up adverse title, and for this trial he is a stranger; but it is not as a stranger that he has possession. The proof is that the deceased died in possession. The administrator cannot get into possession as a stranger, by going in by virtue of his office. The widow is entitled to be considered as in possession. She stands in her husband's shoes;

his possession is hers.  As a matter of course, if the administrator can show title in himself adversely to the intestate, the widow will fail, but the burden is upon him.  The widow is entitled to stand in the place in which her husband would have stood, had an action of ejectment been brought in his lifetime against him by McCullers.  The possession was in the estate, and when the widow showed that her husband was in possession at his death, the presumption is that he was seized, and it is for the administrator or any other person setting up adverse title, to rebut this presumption as in other cases of dispute as to title.  We think the verdict of the jury right under the proof.

As to the questions made in the argument about the deed, as the case turns on the verdict, we do not discuss them.

Judgment affirmed.